THOMAS R. HARPER, Appellant, v. J. D. MORSE, Respondent.

Kansas City Court of Appeals, November 9, 1891.

**Public Roads** : ORDER OPENING : EVIDENCE OF IRREGULARITIES. If a road has been opened by an order of the county court, and a plat thereof has been filed in the clerk's office, and such road has been used for ten years or more, then it is a public road ; and evidence to show irregularities in the court proceedings to open it are inadmissible.

*Appeal from the Audrain Circuit Court.*—HON. E. M. HUGHES, Judge.

AFFIRMED.

*Barker & Shackelford* and *John M. Barker*, for appellant.

The court admitted improper evidence over plaintiff's objections. The court excluded proper and legal evidence offered by the plaintiff. 2 Wagner's Statutes of 1872, secs. 8, 9, 10, p. 1220; *Railroad v. Young*, 96 Mo. 39, and cases there cited; *Mitchell v. Railroad*, 82 Mo. 106; *Backenstoe v. Railroad*, 86 Mo. 492; *King v. Railroad*, 90 Mo. 529; *Ellis v. Railroad*, 51 Mo. 200; *Carpenter v. Grisham*, 59 Mo. 241; *Whitely v. Platte Co.*, 73 Mo. 30; *Lind v. Clemmons*, 44 Mo. 540.

*W. W. Fry*, for respondent.

Our statute provides that all roads which have been opened by order of the county court, and plat thereof filed, and have been used for public travel for ten years, shall be deemed legally opened and established, notwithstanding there were irregularities in the proceedings to establish and open the same. In this view alone the evidence is admissible. R. S. 1889, sec. 7847; *State v. Proctor*, 90 Mo. 334. We also insist that, if there were irregularities in the proceedings, they cannot be collaterally attacked, as in this proceeding. The owner of the land taken can alone question it. *Galahar v. Gates*, 20 Mo. 236; *State ex rel. v. County Court*, 80 Mo. 500.

GILL, J.—Plaintiff Harper sued the defendant Morse for double damages under the statute, on account of an alleged trespass in throwing down plaintiff's fences and permitting cattle to get in and destroy his crops.

The case originated in the circuit court of Montgomery county, was taken by change of venue to Audrain county, where a trial was had before a jury with verdict and judgment for defendant, and plaintiff appealed. The plaintiff's abstract is so very unsatisfactory (and unfair) that it is difficult to get therefrom a clear understanding of what complaint is made. Much is said about the error in giving certain instructions for defendant, and yet some of these instructions complained of are not set out in the abstract. Several instructions were given at the request of plaintiff, yet none of these are set out in the abstract. Again, in appellant's brief, fault is found with the trial court for excluding certain evidence offered by plaintiff, whereas it is not shown by the record that plaintiff made an offer of the rejected evidence.

However, we understand the case to be about this : Plaintiff and defendant owned and occupied adjoining farms, the division line running north and south. Along the dividing line was a thirty-foot public road, at least it was so claimed by defendant, and testified to by a number of witnesses for defendant. The plaintiff made claim to the strip thus used as a road and fenced the same. Defendant tore away the obstruction, and hence this suit. To sustain defendant's claim that there was a public road at this point, he offered and read in evidence an order of the county court of Montgomery county, made in 1873, establishing and opening the road, and along with it the plat thereof made and filed in the county clerk's office. Defendant also produced evidence tending to prove that the road was opened and used as such by the public for fifteen years or more. Plaintiff, to overcome this proof, seems to have attempted to show some irregularities in the proceedings in the county court, for the purpose of invalidating the order declaring the road established and opened. The circuit court, on this state of facts, gave this among other instructions : "The court instructs

the jury if they find from the evidence that a road has been opened by an order of the court of Montgomery county, Missouri, between the lands occupied by plaintiff and defendant in this cause and a plat made thereof and filed with the clerk of the county court, and that such road was used as a public road by the traveling public for a period of ten years or more prior to the time when plaintiff fenced across it in 1888, then the jury may find that said road was a public road, when plaintiff built the fence across the same."

This instruction was properly given, and the court rightfully declined, under the facts of this case, to permit plaintiff to show any alleged irregularities in the proceedings had to establish and open the road in controversy. Section 7847, Revised Statutes, 1889, provides that "all roads in this state, that have been opened by any order of the county court, and a plat made thereof and filed with the clerk of the county court of the county in which said roads are situated, and have been used as a public highway by the traveling public for a period of ten years or more, shall be deemed legally opened and established county roads, notwithstanding there may have been irregularities in the proceedings had to establish and open such roads," etc.

We have read and considered every point made, or attempted, in appellant's brief, and discover no reason whatever for disturbing the judgment herein. The same is, therefore, affirmed. All concur.